# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

ELOY ENCINIAS,

    Plaintiff,

vs.                                              No. CIV 98-1139 JC/WWD

CITY OF ALBUQUERQUE, et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER came on for consideration of Defendant City of Albuquerque Personnel Board's Motion to Dismiss on Grounds of Absolute Immunity, filed October 16, 1998 *(Doc. 9)* and Defendant Personnel Board's Motion for Sanctions, filed October 16, 1998 *(Doc. 4)*. The Court has reviewed the motions, the memoranda submitted by the parties, and the relevant authorities. The Court finds that Defendant's Motion to Dismiss is well taken and will be granted. The Court further finds that Defendant's Motion for Sanctions is not well taken and will be denied.

### Background[1]

Plaintiff formerly worked for the City of Albuquerque in the Solid Waste Department. Plaintiff resigned from his position on February 23, 1994, after a DWI arrest. Shortly after Plaintiff's resignation, a hearing was held by one of the City's Personnel Hearing Officers ("PHO"). The PHO determined that Plaintiff had an actionable grievance. On July 11, 1994, the City's Personnel Board,

---

[1] The lead-in facts to this case were very difficult to ascertain. Defendant did not include a key exhibit to one of the attached exhibits, *see* Defendant's Mem. Support Ex. A ("a copy of which is attached hereto as Exhibit A."), and Plaintiff's Complaint and Response Brief are extremely vague.

by a 3 to 0 vote, determined that Plaintiff's grievance was without merit because Plaintiff had resigned from his position, instead of being fired.

On August 12, 1994, Plaintiff filed an appeal of the Board's decision in the Second Judicial District Court of New Mexico. This appeal was dismissed by the stipulation of both parties on May 2, 1996.

On June 18, 1997, Plaintiff asked the Board to reconsider its July 11, 1994 decision. A second PHO was appointed and ultimately determined that Plaintiff's request should be denied. The Board upheld the PHO's recommendation on November 19, 1997.

**Analysis**

Plaintiff has sued the City of Albuquerque, the City's Solid Waste Department and the Personnel Board for due process violations. The Board moves for dismissal of the claims based on absolute immunity. The Board argues that it was performing a judicial function when it determined that Plaintiff's grievance was meritless.

I agree with the Board in this regard. The Tenth Circuit recently held that the Board was absolutely immune from such actions. *See Saavedra v. City of Albuquerque*, 73 F.3d 1525, 1528-30 (10th Cir. 1996). In this case:

> (1) the defendant's duties and the procedures employed are functionally comparable to those of a court of law; (2) maintenance of the impartiality and effectiveness of the adjudicatory process in question requires eliminating any threat of personal liability; (3) the defendant's actions are more likely than other governmental actions to result in disappointed parties' institution of lawsuits; and (4) procedural safeguards exist and are adequate to correct or prevent erroneous or intentional constitutional violations.

*Id.* (*citing Saavedra v. City of Albuquerque*, 859 F. Supp. 526, 529-31 (D.N.M. 1994)).

Plaintiff's allegations do not support a conclusion that the Board's actions were outside its adjudicatory capacity or were taken in the absence of all jurisdiction. *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991). Consequently, the Board's Motion to Dismiss will be granted.

The Board also moves for sanctions against Plaintiff's attorney arguing that the absolute immunity argument was so clear-cut that the naming of the Board was frivolous. I will not impose sanctions in this case. *Saavedra* is a relatively recent decision, and the rule announced leaves room for exceptions.

IT IS HEREBY ORDERED that Defendant City of Albuquerque Personnel Board's Motion to Dismiss on Grounds of Absolute Immunity, filed October 16, 1998 *(Doc. 9)* is **granted**.

IT IS FURTHER ORDERED that Defendant Personnel Board's Motion for Sanctions, filed October 16, 1998 *(Doc. 4)* is **denied.**

DATED this 14th day of December, 1998.

_____
**CHIEF UNITED STATES DISTRICT JUDGE**

Counsel for Plaintiff:	William Tryon
	Albuquerque, New Mexico

Counsel for Defendants:	Victor E. Valdez
	William D. Winter
	Assistant City Attorneys
	City of Albuquerque
	Albuquerque, New Mexico